UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY EUGENE ARTIS,

        Plaintiff,        Case No. 2:24-cv-13306

v.        Honorable Susan K. DeClercq
        United States District Judge

ESTATE OF ALEXANDER C. PERLOS,
et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINITFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On December 12, 2024, Larry Eugene Artis filed a complaint against the Estate of Alexander C. Perlos, a former Jackson County Judge, as well as the State of Michigan and the Michigan Attorney General. ECF No. 1. Four days later, Artis also filed an application to proceed *in forma pauperis*, averring he receives $945 a month and has monthly expenses which slightly exceed that income. ECF No. 6. Artis alleges that "on or about May 2008," Judge Perlos "put [Artis] in jail" because Artis tried to sue Judge Perlos. ECF No. 1 at PageID.4. He also alleges, generally, that he was maliciously prosecuted. *Id.*

But under the Prisoner Litigation Reform Act of 1995 (PLRA), a plaintiff—whether a prisoner or nonprisoner—may not proceed *in forma pauperis* and their

case must be dismissed if, on three or more previous occasions, a federal court has dismissed earlier complaints filed by the prisoner for frivolity, maliciousness, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *see also Hunt v. Midland/Odessa Urb. Transit Dist.*, No. MO:18-CV-00151-DC, 2018 WL 10036076, at *1 (W.D. Tex. Sept. 27, 2018) ("[T]he *IFP* statute applies to *all* movants, both prisoners and non-prisoners alike." (citing *Haynes v. Scott*, 116 F. 3d 137, 139–40 (5th Cir. 1997))). The statute provides a narrow exception to this "three-strikes rule" only when the plaintiff is "under imminent danger of serious physical injury." *Id.*

Federal courts have dismissed at least three of Plaintiff's prior complaints for frivolity, maliciousness, or failure to state a claim. See *Artis v. Robitschun, et. al.,* No. 05-CV-00243 (W.D. Mich. Nov. 30, 2005) (dismissing Artis's complaint because it failed to state a claim and was frivolous); *Artis v. Jackson City, et. al.,* No. 01-CV-70434 (E.D. Mich. March 6, 2001) (same); *Artis v. Kelley,* No. 95-CV-00344 (W.D. Mich. April 26, 1996) (same); *see also Artis v. Filip*, No. 07-11552, 2008 WL 2338632, at *1 (E.D. Mich. June 4, 2008) (dismissing Artis's complaint under the three-strikes rule). And Plaintiff has not alleged any facts that would establish that he is in imminent danger of serious physical injury. Indeed, Plaintiff alleges past injuries related to an earlier prosecution and subsequent incarceration which Plaintiff

alleges was wrongful.[1] *See generally* ECF No. 1. Thus, Plaintiff's Complaint, ECF No. 1, will be dismissed. *See* 28 U.S.C. § 1915(g). And because this Court concludes an appeal would not be taken in good faith, Plaintiff will be denied leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed *In Forma* Pauperis, ECF No. 2, is **DENIED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED**; and

3. Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 12/20/2024

---

[1] Even if the three-strikes rule was not applied, Plaintiff's Complaint, ECF No. 1, would be dismissed as frivolous anyways under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because it is filed beyond the statute of limitations for § 1983 claims. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Indeed, claims brought under § 1983 apply the state statute of limitations and the tolling principles "for personal -injury torts." *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). In Michigan, that limit is three years. *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 672 (E.D. Mich. 2022) (citing MICH. COMP. LAWS § 600.5805(1)–(2)). The limitations period "starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Miner v. Ogemaw Cnty. Rd. Comm'n*, 625 F. Supp. 3d 640, 653 (E.D. Mich. 2022) (quoting *McNamara v. City of Rittman*, 473 F.3d 633, 639 (6th Cir. 2007)). Claims of illegal arrest and false imprisonment—like Plaintiff's claims here—accrue when the plaintiff is "detained [under] legal process." *See Wallace*, 549 U.S. at 397 And Michigan no longer tolls statutory limitations for incarcerated plaintiffs, *see* MICH. COMP. LAWS § 600.5851(9) (1994).